UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 1:25-cv-23593-EA

**Elvis Muli Mbutha,**

    Petitioner,

v.

**U.S. Immigration and Customs Enforcement,**

    Respondent.

_____/

### ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This cause comes before the Court in response to its sua sponte order that the parties brief the Court's subject matter jurisdiction [ECF No. 9]. Having considered the arguments before the Court, the Court agrees with the respondent—U.S. Immigration and Customs Enforcement ("ICE")—and dismisses the petition for lack of subject matter jurisdiction.

### Background

As alleged in the petition, on February 24, 2025, Elvis Muli Mbutha ("the petitioner"), who is an alien, was arrested for trespassing. The next day, he had his first appearance and was sentenced to time served. The petitioner was not released from custody because ICE placed a 48-hour immigration detainer on him. ICE then took him into custody on February 28, 2025.

The petitioner then filed this petition for habeas corpus in August 2025. In it, he seeks (1) immediate release because the immigration detainer was allegedly a violation of his Fourth Amendment rights, (2) unspecified injunctive relief, and (3) a judgment declaring him to be a lawful permanent resident entitled to the protection of the Due Process Clause and the Fourth Amendment. This Court issued a sua sponte order [ECF No. 9] for the parties to brief whether the

Court has subject matter jurisdiction over the petition and whether the case is moot since the petitioner is no longer being held on an immigration detainer.

**Analysis**

The Court lacks subject matter jurisdiction over the petition because 8 U.S.C. § 1252(g) deprives the Court of such jurisdiction. Moreover, even if there were subject matter jurisdiction over the petition, the Court would still dismiss or deny the petition because (1) the relief the petitioner seeks exceeds the scope of the relief historically granted by a writ of habeas corpus and (2) this case is moot since the petitioner is no longer being held on an immigration detainer.

*Subject Matter Jurisdiction*

Subject matter jurisdiction refers to a court's "power to hear cases." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 92 (2017). Because of the nature of subject matter jurisdiction, it "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Congress has granted federal courts subject matter jurisdiction over most petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by . . . the district courts[.]"). But Congress has expressly withheld grants of subject matter jurisdiction to all petitions for writs of habeas corpus "arising from" any challenged "decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" *See* 8 U.S.C. § 1252(g).

As the Supreme Court has explained, § 1252(g) deprives federal courts of subject matter jurisdiction over petitions for the writ of habeas corpus when the Attorney General exercises her discretion "to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

In applying § 1252(g), the Eleventh Circuit has stated that the statute "does not proscribe substantive review of the underlying legal bases for those discretionary decisions and actions." *Madu v. United States AG*, 470 F.3d 1362, 1368 (11th Cir. 2006). *But see Demore v. Hyung Joon Kim*, 538 U.S. 510, 537 (2003) (O'Connor, Scalia, and Thomas, JJ., concurring in part and concurring in the judgment) ("*Nowhere in* [*Reno*] did the Court suggest, however, that the statute's jurisdictional limits might not apply depending on the particular grounds raised by an alien for challenging the Attorney General's decision in these three areas." (emphasis added)).

However, the Eleventh Circuit later clarified that *Madu* "spoke to a narrow set of circumstances" where the petitioner's "claim was that the government could not detain or remove him because it did not even have a removal order to execute." *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1273 (11th Cir. 2021) (citing *Madu*, 470 F.3d at 1367-68).

The Eleventh Circuit explained that regardless of the theory raised, federal courts lack subject matter jurisdiction over any challenge to the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders because "a party may not dress up a claim with legal or constitutional clothing to invoke [a court's] jurisdiction" since "that sleight of hand would gut the jurisdictional limits [plainly] set by Congress" in § 1252(g)'s text. *See id.* at 1274 (quoting *Patel v. United States AG*, 971 F.3d 1258, 1272 (11th Cir. 2020) (en banc)); *see also Foster v. Townsley*, 243 F.3d 210, 214 (5th Cir. 2001) (concluding that "claims of excessive force, denial of due process, denial of equal protection[,] and retaliation are all directly connected to the execution of the deportation order" and thus "fall within the ambit of section 1252(g) and are precluded from judicial review").

This is because § 1252(g)'s plain text states:

> Except as provided in this section and *notwithstanding any other provision of law* (statutory or nonstatutory), *including section 2241 of title 28, United States Code,*

3

> *or any other habeas corpus provision*, . . . no court shall have jurisdiction to hear *any cause or claim* by or on behalf of any alien *arising from the decision or action by the Attorney General* to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

(Emphasis added).

Indeed, "[s]ection 1252(g) is unambiguous: it bars federal courts' subject-matter jurisdiction over any claim for which the 'decision or action' of the Attorney General (usually acting through subordinates) to commence proceedings, adjudicate cases, or execute removal orders is the basis of the claim." *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013).

And detaining an alien undoubtedly "*arises*" from the Attorney General's "decision or action" to commence proceedings against the alien, as those terms plainly indicate. *See Gupta*, 709 F.3d at 1065 ("Securing an alien while awaiting a removal determination constitutes an action taken to commence proceedings."); *see also Arise*, Black's Law Dictionary (12th ed. 2024) (defining to "arise" from as "[t]o originate" or "to stem (from)").

Because the petitioner here challenges his detention pursuant to an immigration detainer, this cause or claim necessarily "arises" from the Attorney General's "decision or action" to commence proceedings against him. Therefore, this Court lacks subject matter jurisdiction over the petition.

*The Historical Understanding of the Writ of Habeas Corpus*

While 28 U.S.C. § 2241(a) authorizes federal district courts to issue the writ of habeas corpus, § 2241(a) codifies the common law writ of habeas corpus and allows federal district courts to issue the writ only to the extent that the writ could be issued under English law. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (explaining that the scope of the writ of habeas corpus is the same as "its scope 'when the Constitution was drafted and ratified'" (quoting *Boumediene v. Bush*, 553 U.S. 723, 746 (2008))); *see also id.* at 141-42 (Thomas, J., concurring) (explaining that the writ of habeas corpus originated in the King's Bench in the 16th century to

4

fulfill "the guarantee in Magna Carta" prohibiting unlawful imprisonment); *Trump v. CASA, Inc.*, 606 U.S. 831, 841 (2025) (explaining that when statutes authorize courts to grant remedies historically available under English law, the statute codifies the historical understanding of the remedy); Max Crema & Lawrence B. Solum, *The Original Meaning of "Due Process of Law" in the Fifth Amendment*, 108 Va. L. Rev. 447, 461 (2022) ("The American colonists considered themselves inheritors of the English common law" and "claimed [it] as their birthright.").

Under English law, the writ of habeas corpus was "the appropriate remedy to ascertain . . . whether [a] person [was] rightfully in confinement[.]" *Thuraissigiam*, 591 U.S. at 117 (majority opinion) (first alteration in original) (quoting Joseph Story, 3 *Commentaries on the Constitution of the United States* § 1333, p. 206 (1833)).  Thus, the writ of habeas corpus could only be used "to 'remov[e] the injury of unjust and illegal confinement.'" *Id.* (quoting 3 William Blackstone, *Commentaries* *137).

This is why the Supreme Court has explained that "[h]abeas is at its core a remedy for unlawful executive detention[,]" which in turn means that "[c]laims so far outside the 'core' of habeas may not be pursued through habeas." *Id.* at 119 (first alteration in original) (quoting *Munaf v. Green*, 553 U.S. 674, 693, 697 (2008)).

Accordingly, even if there were jurisdiction over this petition, the Court would not be able to grant the injunctive and declaratory relief the petitioner seeks because this relief is outside the "core" of the historical relief afforded by the writ of habeas corpus. *See Thuraissigiam*, 591 U.S. at 119-20 (explaining that a petitioner cannot seek "the opportunity to remain lawfully in the United States" via a habeas petition because such relief "falls outside the scope of the writ as it was understood when the Constitution was adopted").

*Mootness*

Moreover, federal courts lack jurisdiction over cases that are moot. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). A case is moot if "there is nothing for [the court] to remedy," regardless of how "it may have come about[.]" *Id.*

Here, there is nothing for the Court to remedy, thereby rendering the case moot, because the petitioner challenges the legality of being held on an immigration detainer when he is no longer being so held.

### Conclusion

Therefore, it is **ORDERED AND ADJUDGED**:

1. The petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

2. This **CASE IS CLOSED**.

**ORDERED** in Chambers in West Palm Beach, Florida, this 11th day of December 2025.

**ED ARTAU**
**UNITED STATES DISTRICT JUDGE**

CC:

**Elvis Muli Mbutha,** *pro se*
A-060-755-480
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

**Michele S. Vigilance**
DOJ-USAO
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
305-961-9387
Email: michele.vigilance@usdoj.gov